No. 14,450.

HOLMAN ET AL. *v*. FISHER.

(98 P. [2d] 289)

Decided January 3, 1940.

Messrs. BARTELS, BLOOD & BANCROFT, for plaintiffs in error.

Mr. ARTHUR R. MORRISON, for defendant in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

This is the second time this cause has been before this court. In *Fisher v. Norman Apartments*, 101 Colo. 173, 72 P. (2d) 1092, we reversed the judgment and remanded the cause for further proceedings in harmony with the views expressed in our opinion. The factual situation giving rise to the controversy is therein fully set forth and need not be restated. Pursuant to the instructions contained in the former opinion the district court set aside the judgment in favor of the garnishees. The garnishee bank asked leave to file a supplemental answer setting up an order of the bankruptcy court, which it asserted directed it to pay over the funds sought to be reached in its hands by garnishment to the International Trust Company, trustee for the first mortgage bondholders of the Norman Apartments, Inc. The garnishor, Fisher, denied that any order having such effect was entered by the bankruptcy court. After a hearing on the issue made by the petition to file such supplemental answer to the garnishee summons and the answer thereto, the court denied the petition and we think rightly so. The same matter was raised on the former hearing when the order sought to be set out here as a supplemental answer was urged upon us as a reason for holding that the garnishees had no funds of the judgment debtor in their possession because they, the garnishees, were obligated by the order to turn them over to the trustees for the first mortgage bondholders. In the former case this argument was given consideration. Prior to the entry of the order by the court the special master for the bankruptcy court had entered an order authorizing the trial of the issues raised by the traverse in this garnishment proceeding. In view of this fact we think it clear that the bankruptcy court's order was merely a grant of authority to the garnishees to turn over the funds to the trustee for the bondholders rather than a direction that they do so.

There are numerous assignments of errors. The substance of all of them is embodied in the ninth, which is as follows:

"9. The Court erred in proceeding summarily in the entering of said judgments, without a trial, after the said decision and opinion of this Court, and in construing the said opinion and decision as though this Court had ordered the Court below to reverse its former judgment, in favor of plaintiffs in error, and to enter judgments against them without any further trial."

██ We did not directly order that judgment for the garnishor be summarily entered. The court properly construed the former opinion as entitling the garnishor creditor to recourse on all the funds in the bank's hands for the payment of his debt in the absence of any showing other than was made in the original case. The supplemental answer sought to be filed was based on an order of the bankruptcy court that, as we have pointed out, was before us when our first decision was rendered. That its effect was to relieve the garnishees of the obligation to pay to anyone other than the trustee for the first bondholders was urged upon us and we were of the opinion that it did not. The supplemental answer tendered, raised no new issue, and for this reason the filing of it properly being denied, there was nothing additional before the court. Under such circumstances the entry of the usual judgment where garnishment is sustained was proper.

Judgment affirmed.

MR. JUSTICE FRANCIS E. BOUCK dissents.